**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BARRY SIMON JAMESON, | No. 13-16089 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-05593-LJO-MJS |
| v. | |
| PERRY, Dr.; B. REES, Dr., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Barry Simon Jameson, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment because Jameson failed to raise a genuine dispute of material fact as to whether the defendant physicians were deliberately indifferent to the injuries and pain that Jameson suffered following a prison riot. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official acts with deliberate indifference only if "the official knows of an disregards an excessive risk to inmate health"); *Toguchi*, 391 F.3d 1058-60 (9th Cir. 2004) (deliberate indifference is a high legal standard, and a mere difference in opinion concerning the course of treatment is insufficient).

The district court's decision to exclude a portion of the Merck Manual concerning boxer's fractures, although erroneous, was not prejudicial. *See Sea-Land Serv., Inc v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002) (reviewing for an abuse of discretion and explaining that reversal is appropriate for an evidentiary error at summary judgment only when the error is prejudicial).

**AFFIRMED.**

13-16089